NUECES COUNTY RURAL FIRE PREVENTION DISTRICT NO. 2, Appellant,

v.

Ron BLACK and the City of Corpus Christi, Appellee.

No. 13–83–428–CV.

Court of Appeals of Texas, Corpus Christi.

March 7, 1985.

Rehearing Denied March 28, 1985.

John C. Holmgreen, Jr., Gary, Thomasson, Hall & Marks, Corpus Christi, for appellant.

David L. Perry, Edwards, Perry, McMains & Constant, Jay Doegey, Asst. City Atty., Corpus Christi, for appellee.

## OPINION

PER CURIAM.

Appellant, a governmental unit, provided fire protection services in and around Flour Bluff under a contract with the City of Corpus Christi. On the evening of July 25, 1981, appellant's dispatcher received a report of a fire on Lola Johnson Road in Flour Bluff from the City of Corpus Christi Fire Department. A call for volunteers was put out, and the dispatcher, in the scope of his employment for appellant, drove one of the appellant's fire trucks to the scene of the fire. Ron Black, a volunteer fireman, was injured when struck by the fire truck while it was backing into position at the scene of the fire.

In answer to special issues submitted, the jury found that appellant was negligent in backing its fire truck when it was not under the direction of a flagman (Special Issue No. 1) and in backing its fire truck without first ascertaining that such movement could be made with safety (Special Issue No. 5). The jury also found that both such acts of negligence were a proximate cause of the occurrence made the basis of the suit. Appellant does not challenge the sufficiency of the evidence to sustain these findings by the jury.

In its first two points of error, appellant complains that the trial court erred (1) in overruling its objection to the Special Issues mentioned above because the actions

inquired about in such issues are specifically excepted from the limited waiver of sovereign immunity provided by the Texas Tort Claims Act and (2) in overruling appellant's Motion for Judgment Upon or Notwithstanding the Jury's Verdict for the reason that the only improper conduct which the jury found that appellant committed was specifically excepted from the limited waiver of sovereign immunity provided by the Texas Tort Claims Act.

■ It is the settled law of this state that the State is not liable for the torts of its officers or agents in the absence of a constitutional or statutory provision creating such liability. *State v. Terrell*, 588 S.W.2d 784 (Tex.1979); *Texas Highway Department v. Weber*, 147 Tex. 628, 219 S.W.2d 70 (1949). The fact that this doctrine of sovereign immunity applies to governmental units such as appellant is not questioned by appellees.

The authority for seeking to hold both appellant and the City of Corpus Christi, responsible in this case is TEX.REV.CIV. STAT.ANN. art. 6252–19 (Vernon 1970), known and cited as the Texas Tort Claims Act. The pertinent part of Section 3(b) of such act provides that each unit of government shall be liable for money damages for personal injuries when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment arising from the operation or use of a motor driven vehicle under circumstances where such officer or employee would be personally liable to the claimant in accordance with the law of this state under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state.

Section 4 of such act expressly waives and abolishes the doctrine of sovereign immunity to the extent of the liability created by Section 3 of the Act and grants permission to claimants to bring suit for claims arising under the act.

Appellant urges that the situation made the basis of this suit is exempt from the Texas Tort Claims Act because Section 14(8) of the act specifically states that the act shall not apply to:

"(8) Any claim arising out of the action of an officer, agent or employee while responding to emergency calls or reacting to emergency situations when such action is in compliance with the laws and ordinances applicable to emergency action."

There is no dispute that, at the time of the occurrence made the basis of this suit, appellant, through its agents and employees, was responding to an emergency call and reacting to an emergency situation. The question thus narrowly presented to this Court in appellant's first two points of error involves whether appellant's actions were "in compliance with the laws and ordinances applicable to emergency action."

During the trial of the case, appellant offered the testimony of Walter Jones, training chief of the Corpus Christi Fire Department. Jones testified that there were no laws or ordinances regulating the conduct of appellant's employees in fire emergency situations such as occurred at the time of the incident made the basis of this suit. No evidence was offered that the appellant's employee, the driver of the fire truck, failed to comply with any law or ordinance. The special issues found against appellant are based solely on common law negligence.

Appellee contends that the exemption set out in Section 14(8) of the Texas Tort Claims Act only applies where there is an express statutory alteration of the ordinary rules of conduct. We cannot agree with this interpretation.

■ The provision of Section 13, Texas Tort Claims Act, regarding liberal construction of the act and cited by counsel for Black, relates to the nature and extent of liability provided in Section 3 of the act and the waiver of sovereign immunity set out in

Section 4 of the Act and does not affect the clear language of the exemption contained in Section 14(8) of the Act. Specifically, we hold that when there are no express laws or ordinances dealing with the manner in which a governmental officer or employee reacts in a particular situation and such officer or employee is responding to an emergency call or situation, the governmental unit is not subject to the provision of Sections 3 or 4 of the Texas Tort Claims Act and is immune from liability because of the doctrine of sovereign immunity. Should the legislature or any governmental unit choose to enact laws or ordinances prescribing specific procedures or regulations governing the imposition of flagmen, barricades or other safety devices or the exact manner of operating emergency vehicles while backing, and an employee fails to comply with such laws or ordinances, the provisions of section 3 and 4 of the Texas Tort Claims Act would apply.

Accordingly, the trial court's action in overruling appellant's Motion for Judgment Upon or Notwithstanding the Jury's Verdict was error. Appellant's second point of error and City of Corpus Christi's second cross-point of error are sustained.

Since these points of error are dispositive of this appeal, we decline to address appellant's remaining points of error and appellee City of Corpus Christi's remaining cross-points of error. TEX.R.CIV.P. 451. Since we have determined that the trial court erred in refusing to grant appellant's Motion for Judgment Upon or Notwithstanding the Jury's Verdict, the proper action by this Court is to render that verdict which the trial court should have entered. TEX.R.CIV.P. 434; *Dupree v. Piggly Wiggly Shop Rite Foods, Inc.*, 542 S.W.2d 882 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.).

We REVERSE the judgment of the trial court and RENDER judgment that appellee Black take nothing by his action.

DORSEY, J., not participating.