Ron BLACK, Petitioner,

v.

NUECES COUNTY RURAL FIRE PREVENTION DISTRICT NO. 2, et al., Respondent.

No. C–4154.

Supreme Court of Texas.

July 10, 1985.

Rehearing Denied Sept. 25, 1985.

J. Bruce Aycock, City Atty., Jay Doegey, Asst. City Atty., David Perry, Edwards,

McMains and Constant, Russell H. McMains, Corpus Christi, for petitioner.

Gary, Thomasson, Hall and Marks, John C. Holmgreen, Corpus Christi, for respondent.

ROBERTSON, Justice.

This cause presents a question of interpretation of the Texas Tort Claims Act. Tex.Rev.Civ.Stat.Ann. art. 6252–19 (Vernon 1970). The Nueces County Rural Fire Prevention District No. 2 provides fire protection under a contract with the City of Corpus Christi. Ron Black, a volunteer fireman, was struck and injured by a fire truck as it backed into position at the scene of a fire.

Mr. Black obtained judgment, based on favorable jury findings, against the Fire Prevention District and the City. The court of appeals reversed and rendered, holding that the Texas Tort Claims Act did not waive sovereign immunity under the facts of the case. 693 S.W.2d 492. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

The waiver of sovereign immunity in the Texas Tort Claims Act, Tex.Rev.Civ.Stat. Ann. art. 6252–19 § 4 (Vernon 1970), extends to situations involving "use of a motor-driven vehicle ... under circumstances where [the] officer or employee [of the unit of government] would be personally liable to the claimant in accordance with the law of this state." Tex.Rev.Civ.Stat.Ann. art. 6252–19 § 3(b) (Vernon Supp.1985). The instant cause falls squarely within this provision. The waiver of liability, however, is "subject to the exceptions contained herein." *Id.*

The Fire Protection District and the City assert, and the court of appeals agreed, that this situation is controlled by the exception set forth in Tex.Rev.Civ.Stat.Ann. art. 6252–19 § 14(8) (emphasis added):

"The provisions of this Act shall not apply to: ... (8) Any claim arising out of the action of an officer, agent or employee while responding to emergency calls or reacting to emergency situations when such action is in compliance with the laws and ordinances applicable to emergency action."

Testimony from the training chief of the Corpus Christi Fire Department, however, established that there were no laws or ordinances pertaining to this emergency situation. In the absence of laws or ordinances applicable to emergency action, there is no exception to the waiver of sovereign immunity. The District and the City in this case are thus liable for the negligence of their employees. This conclusion follows from the plain language of the statute: The District and the City could not *comply* with an ordinance unless an ordinance in fact existed.

The court of appeals viewed subsection 8 as exempting emergency action from liability unless that action violated a law or ordinance. That interpretation is contrary to the clear language of subsection 8, when read in conjunction with the waiver of immunity contained in sections 3 and 4. It is also contrary to the act's mandate of liberal construction. *See id.* § 13.

For this reason, the judgment of the court of appeals is reversed and the judgment of the trial court is affirmed.

HILL, C.J., dissents with opinion in which McGEE and GONZALEZ, JJ., join.

HILL, Chief Justice, dissenting.

I respectfully dissent. The majority construes section 14(8) of the Texas Tort Claims Act to mean that unless there is a specific law or ordinance in existence and applicable to an emergency situation, a governmental unit is not exempt from the Act's waiver of sovereign immunity. The majority ignores the fundamental rule controlling the construction of a statute; that is, to ascertain, if possible, the intent of the Legislature as expressed in the language of the statute. *State v. Terrell,* 588 S.W.2d 784, 786 (Tex.1979).

I believe the Legislature's concern in enacting section 14(8) was to further the public interest by assuring effective action in

emergency situations by those entrusted with the responsibility of saving lives and property. The Legislature did not, however, intend to encourage governmental units to violate statutes or ordinances during emergencies, as this would be contrary to the public interest. Section 14(8) was designed to implement this legislative intent by protecting governmental units and their employees from liability for their failure to use ordinary care in an emergency unless they act in violation of a standard of care that has been statutorily provided.

The majority's interpretation of the provision places an impossible burden on governmental units to provide by comprehensive laws and ordinances for every response that must be taken in an emergency in order to gain the exemption. That construction, in my opinion, frustrates rather than effectuates the legislative intent.

There is no evidence in the record of this cause that the District violated any statutes or ordinances during the emergency action. I would, therefore, hold that the District is immune from liability pursuant to section 14(8).

McGEE and GONZALES, JJ., join in this dissent.