**The COUNTY OF ZAPATA, Appellant,**

v.

**Hector LOPEZ, Olga Lopez, and Hector Lopez, Jr., Appellees.**

**No. 04–00–00630–CV.**

Court of Appeals of Texas, San Antonio.

Aug. 22, 2001.

Lisa M. Mount, William L. Hubbard, Hodge, James & Hernandez, L.L.P., Harlingen, for Appellant.

Luciano Adrain Ridriguez, Laredo, for Appellee.

Sitting: TOM RICKHOFF, CATHERINE STONE and PAUL W. GREEN, Justices.

## OPINION

TOM RICKHOFF, Justice.

The appellees sued the County of Zapata for negligence arising from the destruction of their home by a fire. The County filed a plea to the jurisdiction and motion for summary judgment claiming that appellees' allegations did not support a waiver of sovereign immunity under the Texas Tort Claims Act. The trial court denied the plea and motion. We reverse the trial court's order because the appellees' claims are barred by Texas Tort Claims Act section 101.062(b).

## BACKGROUND

In May 1996, a small, accidental fire started in the first floor kitchen area of the appellees' home. The appellees immediately contacted emergency personnel services to report the fire. When the Zapata County Sheriff's and Fire Department responded, they discovered that their equipment could not be connected to the available water sources, forcing fire department personnel to return to the fire station to secure a truck that was equipped with the proper equipment for connecting to the fire hydrant nearest appellees' home. By the time the fire department returned to appellees' home, the fire was out of control, ultimately destroying the house and its contents.

■ Appellees sued the County for negligence, alleging that fire department personnel were away from the station on personal business or away from their assigned post, causing an unreasonable delay in re-

sponding to the emergency call; and when the County did respond, the fire department's equipment could not be connected to water sources, forcing the personnel to return to the fire station to secure another fire truck equipped with the proper connections. The County filed a plea to the jurisdiction and motion for summary judgment, asserting that it was immune from suit under the Texas Tort Claims Act. The trial court denied the plea and motion, and this appeal by the County ensued.[1]

## STANDARD OF REVIEW

■ As a governmental unit, the County is immune from both suit and liability for appellees' property damage unless the Texas Tort Claims Act waives that immunity. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.021, 101.025 (Vernon 1997). Appellees contend that Section 101.021 provides that waiver. *Id.* § 101.021(1). In considering whether a governmental entity has waived sovereign immunity, we consider the facts alleged by the plaintiffs and, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *see also Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex.2000).

## IMMUNITY

The appellees contend the County misused motor-driven equipment by carelessly using a fire engine that was not equipped to connect to the fire hydrant, even though such equipment was readily available. The County argues that the appellees'

claim is based on the non-use or failure to use certain equipment, which claim is insufficient to waive immunity under Tort Claims Act section 101.021. Alternatively, even if there is waiver of immunity under Section 101.021, the County asserts that two exceptions to the waiver apply to reinstate immunity: appellees' claim pertains to the County's policy of providing fire protection and its actions do not violate a statute or ordinance.

■ The Tort Claims Act is a limited waiver of absolute common law immunity for a municipality, which is considered to be in the public interest. *Guillen v. City of San Antonio*, 13 S.W.3d 428, 433 (Tex. App.—San Antonio 2000, pet. denied). The Act is construed strictly on the side of preserving immunity. *Id.* The Act provides that governmental immunity is waived in two general situations: (1) where an injury is caused by the negligence of an employee, involving a motor-driven vehicle or equipment; and (2) where an injury is caused by a condition or use of tangible or real property. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997). The Act further states that immunity is retained for any claim arising from the failure to provide or the method of providing fire protection, *see id.* § 101.055(3), or in claims that arise from an action of an employee of a municipality that involves responding to a 9–1–1 emergency call, immunity is waived only if the action violates a statute or ordinance applicable to the action. *See id.* § 101.062. There is no dispute that the fire fighters were responding to a 9–1–1 emergency

---

1. The appellees contend this Court does not have jurisdiction over this appeal because the County's plea to the jurisdiction is based only on its own sovereign immunity and not on immunity resulting from the official or qualified immunity of its agent or employee. We disagree. The County based its plea to the jurisdiction on its immunity from suit. Be-

cause governmental immunity from suit defeats a trial court's subject matter jurisdiction, this Court has jurisdiction to consider whether the appellees' pleadings state a claim under the Texas Tort Claims Act. *See Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 639 (Tex. 1999); TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2001).

call, and because Section 101.062 is determinative, we address application of that section first.

Appellees rely on *Black v. Nueces County Rural Fire Prevention District No. 2,* 695 S.W.2d 562 (Tex.1985), to argue that Section 101.062 does not apply because no statute or ordinance applies to 9-1-1 responses in Zapata County; therefore, proving a violation under Section 101.062 is an impossibility. The appellees' reliance on *Black* is flawed.

In *Black,* a volunteer fireman was struck and injured by a City of Corpus Christi fire truck as it backed into position at the scene of a fire. Mr. Black obtained judgment against the City based on a finding of negligence. The City did not have any ordinances pertaining to emergencies, and the Supreme Court held:

> [I]n the absence of laws or ordinances applicable to emergency action, there is no exception to the waiver of sovereign immunity. The District and the City in this case are thus liable for the negligence of their employees. This conclusion follows from the plain language of the statute: The District and the City could not comply with an ordinance unless an ordinance in fact existed.

*Id.* at 563.

This language must be understood in the context of the statute the Supreme Court was interpreting, former Civil Statute article 6252–19, section 14(8), which provided that the provisions of the Act did not apply to "[a]ny claim arising out of the action of an officer, agent or employee while responding to emergency calls or reacting to emergency situations when such action is in compliance with the laws and ordinances applicable to emergency action."[2] Therefore, in *Black,* the governmental entities retained immunity only if their actions were in compliance with an ordinance. Because no ordinance existed, the governmental entities could not show compliance; therefore, they could not retain immunity. The same logic, albeit in reverse, applies here.

■ Here, the Act requires that the appellees show the County's actions were in violation of an applicable statute or ordinance. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.062(b).[3] Appellees contend, and the County does not dispute, that there is no statute governing 9-1-1 responses in Zapata County. Because appellees have neither produced nor plead any evidence that an applicable statute or ordinance was violated by the County, the appellees' claims are barred by Section 101.062. *See Guillen,* 13 S.W.3d at 434 (same result); *Fernandez v. City of El Paso,* 876 S.W.2d 370, 376 (Tex.App.—El Paso 1993, writ denied) (same result); *see also City of Galveston v. Whitman,* 919 S.W.2d 929, 931 (Tex.App.—Houston [14th Dist.] 1996, writ denied) (plaintiffs did not dispute defendants' affirmative defense by showing a violation under Section 101.062(b)). Thus, the trial court erred by

2. Former TEX REV.CIV. STAT. ANN. art. 6252–19, § 14(8), Act of 1969, 61st Leg., R.S., ch. 292, 1969 Tex. Gen. Laws 874, 877, *repealed by* Act of 1985, 69th Leg., R.S., ch. 959, sec. 9(1), 1985 Tex. Gen. Laws 3242, 3322, *enacting* Texas Civil Practice & Remedies Code (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 101.055 (Vernon 1997)). The current version contained in the Tort Claims Act is not substantively different from former article 6252–19, section 14(8).

3. "This chapter applies to a claim against a public agency that arises from an action of an employee of the public agency or a volunteer under direction of the public agency and that involves providing 9-1-1 service or responding to a 9-1-1 emergency call only if the action violates a statute or ordinance applicable to the action." TEX. CIV. PRAC. & REM.CODE ANN. § 101.062(b) (Vernon 1997).

not granting the County's plea to the jurisdiction and motion for summary judgment.[4]

## CONCLUSION

We reverse the trial court's judgment and dismiss the underlying lawsuit for lack of jurisdiction.

---

4. One can certainly sympathize with the trial court's and appellees' instinctive response to the question of how can a fire truck, absent some of the busier firefighters, be dispatched without the linkage necessary to join fire and water. However, the immunity construct does not always appear logical when applied to emergency response cases due to the overriding statewide public policy acknowledging that emergencies can and often do generate haste and actions go wrong.