Gerald R. BROWN, et al., Appellants,

v.

James F. HAWES, et ux., Appellees.

No. 3–88–116–CV.

Court of Appeals of Texas,
Austin.

Jan. 18, 1989.

Rehearing Denied Feb. 15, 1989.

Elizabeth G. Bloch, Hilgers & Watkins, P.C., Austin, for appellants.

Merlin Lester, Georgetown, for appellees.

Before SHANNON, C.J., and SMITH * and JONES, JJ.

SHANNON, Chief Justice.

Appellants Gerald R. Brown and Russell Soper seek to set aside a take-nothing judgment rendered by the district court of Williamson County. The district court rendered judgment after it had granted appellees' special exceptions and appellants had refused to go forward to trial. By their special exceptions, appellees asserted that appellants had elected to pursue specific performance of the contract and had abandoned their claim for damages. Appellees are James F. and Frances Jean Hawes, husband and wife. This Court will reverse the judgment.

Appellants pleaded that in January 1984 they entered into a contract with appellees to purchase 562.69 acres of land in Williamson County. Appellants alleged further that on March 30, 1984, the date set for closing, appellees refused to perform.

In June 1984, appellants filed suit requesting a decree commanding appellees to

* Before Earl W. Smith, Justice (retired), Third Court of Appeals, sitting by assignment. *See*

Tex.Gov't Code § 74.003 (1988).

specifically perform under the contract by conveying the land to appellants. In June 1985, appellants filed their second amended original petition requesting a decree of specific performance or, alternatively, a judgment for damages. In May 1987, appellants filed their third amended original petition in which they omitted their prayer for specific performance of the contract and confined themselves to a prayer for damages. In their fourth amended original petition filed July 1987, appellants again requested specific performance as well as damages.

Appellees filed special exceptions to appellants' cause for damages "for the reason that upon originally filing this lawsuit [appellants] elected to pursue the remedy of specific performance and, by insisting upon performance under the contract, [appellants] abandoned any cause of action for damages." Within the special exception, appellees further stated "[appellants] recorded the purported sales contract in the [deed records of Williamson County] and, by doing so, effectively blocked [appellees] from selling the property thereby injuring [appellees]."

Upon hearing, the district court sustained appellees' special exceptions and struck that part of appellants' petition asserting damages. As this Court understands, appellants refused to go forward with their cause for specific performance and the district court then rendered judgment that appellants take nothing.

■ In this context, the doctrine of election may bar recovery when (1) one successfully exercises an informed choice (2) between two or more remedies, rights, or states of facts (3) which are so inconsistent as to (4) constitute manifest injustice. *Bocanegra v. Aetna Life Insurance Co.*, 605 S.W.2d 848 (Tex.1980).

■ By special exceptions, appellees sought by the doctrine of election to bar appellants' suit for damages. "The special exception has multiple functions: first, it may question the sufficiency in law of the plaintiff's alleged claim; secondly, it may present dilatory matters shown on the face of the pleading; and thirdly, it may indicate formal defects in particular allegations." 2

McDonald, Texas Civil Practice § 7.19—(II), at 183 (rev.ed. 1982). In whatever function the special exception is employed, however, it only addresses matters shown on the face of the pleadings.

An examination of the face of appellants' petition, does not reveal allegations supporting any one of the several elements of election. *Bocanegra, supra.* Accordingly, whether appellants elected specific performance, or not, may not be raised by special exceptions.

■ Appellees did attempt to assert the element of manifest injustice by way of a "speaking demurrer": "[appellants] recorded the purported sales contract in the [deed records of Williamson County] and, by doing so, effectively blocked [appellees] from selling the property thereby injuring [appellees]." A "speaking demurrer" is a special exception which, instead of limiting itself to the allegations of the petition and pointing out defects evident therein, states factual propositions not appearing in the petition and, in reliance upon such facts, seeks to challenge the plaintiff's right to recover. 2 McDonald, Texas Civil Practice § 7.22–E, at 189 (rev.ed. 1982). Speaking demurrers were not permitted before the 1941 Texas Rules of Civil Procedure and are not presently allowed under the Rules. *Id.* at 189; *Friedman v. Cohen*, 404 S.W.2d 372 (Tex.Civ.App.1966, no writ). Because appellees were required to rely upon facts extrinsic to appellants' petition to demonstrate an election, special exception was an improper procedural vehicle. The district court's allowance of appellees' special exception was error.

The doctrine of election, in the context of this appeal, is a plea in bar which, if sustained, would require a judgment that appellants take nothing on their damage claim. A plea in bar may be established at trial or, by proper proof, by summary judgment.

The judgment is reversed and the cause is remanded to district court.