Jose GUZMAN and Esperanza Guzman, et al., Appellants,

v.

CITY OF SAN ANTONIO, Appellee.

No. 04-87-00697-CV.

Court of Appeals of Texas, San Antonio.

Feb. 28, 1989.

Rehearing Denied March 28, 1989.

Catherine M. Stone, Paul Andrew Mireles, Watkins, Mireles, Brock & Barrientos, San Antonio, for appellants.

Paula Dlugosz, Charles S. Frigerio, City Attys. Office, San Antonio, for appellee.

Before CADENA, C.J., and REEVES and CHAPA, JJ.

## OPINION

REEVES, Justice.

This is an appeal from a summary judgment granted the City of San Antonio in a suit brought by Jose and Esperanza Guzman. They allege that the wrongful death of their son, Jose Israel Guzman–Pena, was brought about when a San Antonio police officer drove over him in a city patrol car. The City asserts the claim comes within the exceptions of the statutory waiver of the governmental immunity statute, V.T.C.A., Civ.Prac. & Rem.Code, Texas Tort Claims Act, § 101.055(2) and 101.057.

Mike Hernandez, Jr., a San Antonio police officer, testified that on February 27, 1984, he was working as a private security officer at a mall in San Antonio. While he was driving through the parking lot, he noticed two men step out of a black pick-up truck. A third man remained in the vehicle. One of the men first stood on the bumper of the black pick-up, looked around and then joined the other man who had entered an unattended, parked yellow pick-up truck. Hernandez, suspecting that he was witnessing a theft, followed both vehicles out of the parking lot and onto an expressway. After a time he spotted a San Antonio Police Department car, flagged it down, and informed the driver, Officer Steve Larison, of what he had seen at the mall parking lot. Officer Larison began to pursue the two pick-ups. Upon catching up with the vehicles, he pulled in between them and turned on his emergency lights and siren.

The yellow pick-up left the expressway, drove over the grassy median to the access road; the patrol car followed. The pick-up slowed down and the driver, later determined to be Guzman–Pena, jumped out and ran for an open field while Officer Larison followed him in the patrol car. Both Hernandez and Larison stated that the man appeared to reach for something in his waistband. Larison testified he feared he might be shot, and he ducked under the dashboard, turned the front wheels to the right and accelerated the patrol car. The patrol car went through a barbed wire fence and came to a stop. Guzman–Pena was found under the left front wheel of the patrol car. No weapon was found at the scene. He was taken to a local hospital where he died several months later.

Our Supreme Court, in *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546, 548 (Tex.1985), enunciated the standard for reviewing a summary judgment as follows:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

TEX.R.CIV.P. 166a(c) provides, in part, that:

Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. A summary judgment may be based on uncontroverted testimonial evidence of an interested witness—if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

The Texas Torts Claim Act, at § 101.021, authorizes suit against a city caused by the negligence or wrongful act of an employee acting within the scope of employment if the damage arises from the operation of a vehicle. However, there are several exemptions, two of which have been raised by the City.

### THE FIRST EXEMPTION

The City contends that, as a matter of law, it has established that Officer Larison was responding to an emergency situation. The statute, at § 101.055, exempts from the Act employees responding to an emergency if the action is in compliance with the laws and ordinances applicable to an emergency. TEX.REV.CIV.STAT.ANN. art. 6701d, § 24(b) (Vernon 1977) permits an emergency vehicle to disregard the traffic laws and sets forth the equipment, such as lights and siren, which must be used in answering the emergency. But it further provides that this authorization does not relieve the driver of the emergency vehicle from the duty to drive with due regard for the safety of others.

Assuming that from the time Officer Larison turned on the siren and emergency lights he was acting in an emergency situation, we are of the opinion that the City has not established, as a matter of law, that the Officer drove the patrol car with due regard for the safety of others. The City can be liable for the negligent acts of a police officer in the operation of a police vehicle if those acts occur while the officer is within the scope of his employment. *State v. Terrell*, 588 S.W.2d 784 (Tex.1979).

Officer Hernandez testified at the time he saw Guzman–Pena move his hand toward his waistband, Guzman–Pena had his back to the patrol car and was running from the patrol car. No weapon was found at the scene of the occurrence. Officer Larison testified that he, seeing Guzman–Pena move his hand toward his waistband, thought he might be reaching for a gun. Fearing for his safety, the officer ducked his head under the dashboard, turned the wheels, and put his foot on the gas. Whether the officer acted negligently or not in this situation is a fact issue that precludes summary judgment.

### THE SECOND EXEMPTION

Section 101.057 provides the act does not apply to a claim arising out of an assault or an intentional tort. We must first answer the contention of appellants that the City has waived this claim by not presenting it to the trial court. We disagree. The City, in both its pleadings and motion for summary judgment, claim immunity under § 101.057. The relevant part of the statute provides:

This chapter does not apply to a claim—

(a) arising out of assault, battery, false imprisonment, or any other intentional tort.

The City contends that Guzman–Pena committed the intentional torts of conversion of the yellow pick-up and assault upon Officer Larison. The City has not furnished us with any authority where the intentional tort exception has been urged by a person seeking redress against a governmental entity. Our research has not revealed any such holding. *See Lowe v. Texas Tech University*, 540 S.W.2d 297, 298 (Tex.1976) (a governmental entity is not liable for the torts of its employees); *City of Amarillo v. Langley*, 651 S.W.2d 906, 918 (Tex.App.—Amarillo 1983, no writ) (City asserting excessive force of a police officer as an intentional tort); *Townsend v. Memorial Medical Center*, 529 S.W.2d 264, 267 (Tex.App.—Corpus Christi 1975, writ ref'd n.r.e.) (county hospital is not liable for the intentional tort of rape committed by employee).

However, we do not find it necessary to determine if the willful tort must be committed by the City or by Guzman–Pena. The City established summary judgment proof of the conversion, which is an intentional tort. *See* 1 RESTATEMENT OF TORTS (SECOND) 222A; 15 Tex.Jur.3d CONVERSION § 1 (1981). This could have been easily converted. The proof, however, is not dispositive of the case. The appellants have made no claim against the City based on conversion; their claim is one sounding in negligence. The fact that Guzman–Pena committed the intentional act of conversion is unrelated to the alleged negligence cause of action, the gravamen of this lawsuit. *Compare Townsend v. Memorial Medical Center,* 529 S.W.2d at 264.

■ We do not agree with the City's contention that Guzman–Pena's alleged movement of his hand to his waistband is summary judgment proof of an assault. A person commits assault if he (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens another with imminent bodily injury; or (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative. TEX.PENAL CODE ANN. § 22.01(a) (Vernon 1988). Officer Larison's affidavit states, "I observed the male driver of the truck who had just bailed out of the truck suddenly change his body motion and his lower right hand disappeared toward his waistband, and I believed he was reaching for a gun." Hernandez's deposition testimony is, "He reached for his waistband, as if to pull for a weapon and look for a weapon, and he ran towards the barbed-wired fence." This does not rise to adequate summary judgment proof of the offense of an assault.

The judgment of the trial court is reversed and the cause is remanded for a trial on the merits.