**Margaret VAQUERA, Appellant,**

**v.**

**Mario SALAS and the City of Del Rio Police Department, Appellees.**

**No. 04–89–00389–CV.**

Court of Appeals of Texas, San Antonio.

May 31, 1991.

Rehearing Denied July 10, 1991.

Randall C. Jackson, Jr., Speiser, Krause, Madole & Mendelsohn, Mata, San Antonio, for appellant.

James J. Bayne, City Atty., Del Rio, Tex., David W. Ross, Arch B. Haston, Law Offices of Ralph Brown, San Antonio, for appellees.

Before BUTTS, CHAPA and CARR, JJ.

BUTTS, Justice.

Margaret Vaquera appeals from a summary judgment in favor of the defendants, Mario Salas and the City of Del Rio Police Department (City). Vaquera brought a

common law negligence action against Salas, a Del Rio police officer, and the City, alleging she was injured when an automobile driven by a third person, who was fleeing from police officer Salas, struck her automobile. Vaquera alleged the automobile was parked in her driveway and she was still inside when the collision occurred. We affirm.

The summary judgment evidence shows that on March 8, 1986, Officer Salas was driving east on highway 90 outside Del Rio. His vehicle was an unmarked Jeep owned by the Drug Enforcement Agency, for which he did undercover work. He was followed by James Smith and another intelligence officer in Smith's unmarked Dodge Ramcharger. Smith's affidavit recounts that a west-bound Toyota suddenly entered the median between the divided highway, skidded and came to a stop at the east-bound lane, but facing west. Smith pulled over toward the Toyota, but it "took off", driving directly toward Smith, who swerved to avoid the Toyota. He observed the front of the Toyota was damaged. Then the Toyota went back across the median and into the west lane, driving toward Del Rio.

Salas immediately began following the Toyota. Both Salas and Smith agreed in their statements that the Toyota was not going very fast. Approaching downtown Del Rio, Salas turned on the flasher lights of the unmarked Jeep. He attempted to get the driver to pull over. In both the DEA vehicles there was no way to directly communicate with the Del Rio police department. What the officers did was to communicate on their radios with the Dallas headquarters, which in turn alerted the local police department.

At a red traffic light Salas pulled up beside the Toyota and exhibited his police identification badge. The driver, later identified as Eddie Lipscomb, an airman stationed at Laughlin Air Force Base, looked at Salas, and turned his car off to the right. Salas followed. Again the cars stopped at a red light. Salas and Smith presented evidence that, again, Lipscomb refused to pull over and turned his car away. He then proceeded into a residential area, around a school and through an apartment lot. During this time Lipscomb's automobile struck plaintiff's parked car in the driveway of her house, located at the corner of two streets. Shortly after that, at 8th and G streets, Lipscomb stopped. Salas left his vehicle and then detained Lipscomb until a marked Del Rio police car arrived.

The evidence was that there was considerable damage to the front end of the Toyota. The Del Rio policeman who arrived arrested Lipscomb, charging him with DWI and two counts of fleeing the scene of an accident. The evidence of the officers was not controverted in the summary judgment response.

*The summary judgment evidence was clear that there was no high-speed chase* (the Toyota was not speeding, all cars stopped for red lights). The purpose of following the Toyota was to keep it under surveillance until Salas could stop Lipscomb and until the Dallas DEA headquarters made contact with the Del Rio Police Department.

Del Rio police officer Lepisto testified by affidavit that Lipscomb told him, "My brakes went out," when his Toyota struck the parked automobile belonging to Vaquera. Lepisto stated that the same vehicle had been involved in the earlier accident on Highway 90 just before Salas saw it. The driver was fleeing the scene of that accident at that time.

Lipscomb smelled strongly of alcohol when he was stopped. Salas had observed his car swerving "all over the road." Attached to the summary judgment motion are the plea of guilty documents in Lipscomb's cases, reflecting his May 6, 1986, plea of guilty of DWI on this occasion and plea of guilty of leaving the scene of an accident.

Del Rio police officer Jose Roberto Garcia testified by affidavit that he was dispatched to go to Avenue I where he found a red 1980 Datsun in the driveway. Margaret Vaquera told him she was alighting from the car when another car collided with hers. He asked her if she was hurt,

and she answered she was not. He said he saw no sign of injuries and no blood. Garcia stated there was some red paint on the front of the Toyota, and Lipscomb admitted he had struck the parked car and fled the scene. He also admitted he had been in a prior accident and fled the scene.

Del Rio police officer William Rattay investigated the Highway 90 accident, where a 1977 Lincoln automobile had been rearended by Lipscomb's Toyota, which then fled. Rattay went to the location where Lipscomb and his Toyota were and identified the Toyota as the same car.

Vaquera filed her original petition against Salas and the Del Rio Police Department, alleging that her parked automobile was struck by the automobile driven by Lipscomb, resulting in her injuries. At that time "Lipscomb was being pursued by an unidentified person at a high rate of speed and was under the belief that his life was in danger and was being forced to excellerate (sic) in an attempt to escape his assailant who he later discovered to be a police officer, out of uniform, in an unmarked vehicle." *There is no summary judgment evidence to support these allegations.* It was alleged that Salas was within the scope of his employment with the Del Rio Police Department.

■ The Original Petition further alleged that Salas was negligent in the following particulars:

a) In failing to control the speed of the vehicle he was driving,

b) In failing to identify himself to Mr. Lipscomb,

c) In driving at an excessive speed under the circumstances.[1]

It is significant that Vaquera alleged no cause of action based on TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986), the Texas Torts Claims Act, or any provision of the Act. The cause of action asserted is not an action against the officer and City to recover money damages for personal injuries proximately caused by the negligent acts of the officer "arising from the operation or use of a motor-driven vehicle." Therefore, the Texas Tort Claims Act does not apply to the case at bar. *See Westbrook v. City of Edna,* 552 S.W.2d 608, 611 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.).

*Eubanks v. Wood,* 304 S.W.2d 567 (Tex. Civ.App.—Eastland 1957, writ ref'd n.r.e.) illustrates a common law negligence action against a police officer acting in the course of his employment by a city. That court stated the law that even though an officer is engaged in the performance of a public duty as a police officer, he is civilly liable when he acts in a wrongful, oppressive or illegal manner. *Id.* at 570. In *Eubanks* the officer's automobile collided at an intersection of public streets with an automobile in which the plaintiff was a passenger. The evidence showed the policeman drove at an excessive rate of speed and did not take any action to avert the collision after he saw the other automobile approaching the intersection. *On the other hand, the summary judgment evidence in the present case shows that the plaintiff was not on a public street or highway and that the officer was not driving at an excessive rate of speed.* Further it shows that Lipscomb was intoxicated, that he lost control of his automobile and struck the plaintiff's Datsun in the driveway. He said his brakes "went out."

---

1. Vaquera, in her summary judgment affidavit, admitted she looked up and saw Lipscomb's car seconds before it struck her parked vehicle. She alluded to all three automobiles as resembling a "choo-choo train." She also stated that Lipscomb's and Salas' vehicles came into her yard. However, there was no proof to controvert the summary judgment evidence that Salas was not pursuing Lipscomb in a "high-speed chase."

The issue in this case is *not* whether police officers are insulated from liability for their decision to engage in a high-speed chase when the pursued vehicle collides with a third party, no matter how much danger the chase poses to others using the highway.

We also point out that there are instances when the trial court may decide the negligence question as a matter of law. If the facts bearing upon the breach of obligation, that is, negligence, are not in dispute and reasonable persons could not differ about the application of those facts to the legal standard defining negligence, the court determines the negligence issue. In most instances, however, the issue of negligence is submitted to the jury.

The record on appeal reflects that after special exceptions were leveled at the original petition, no amended petition was filed. The motion for summary judgment challenged the negligence cause of action in the plaintiff's original petition. The grounds of the motion were: no legal duty owed to plaintiff by Salas and the City; lack of a causal connection; new and independent proximate cause; Lipscomb as the sole proximate cause; sovereign immunity of the City; qualified immunity of Salas.

The summary judgment, signed on April 17, 1989, was based on specific grounds: Salas and the City owed no duty to plaintiff Vaquera; Lipscomb's negligence was the sole proximate cause of the accident as a matter of law; Salas, the police officer, was entitled to immunity under the doctrine of qualified immunity; Salas and the City were entitled to sovereign immunity; and, since Salas was not liable, the City could not be liable under the doctrine of respondeat superior.

The trial court had to determine from the summary judgment evidence whether the defendants established as a matter of law that no cause of action existed under the traditional concepts of negligence and municipal law. That is also what the appellate court must determine.

■ The defendants as movants for summary judgment must establish that no genuine issue of material fact exists and that they are entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the nonmovant and indulge every reasonable inference from the evidence in favor of the nonmovant, resolving any doubts in his favor. *Id.* at 549.

■ The plaintiff must prove the existence and violation of a legal duty owed to him by the defendant to establish tort liability. *Abalos v. Oil Development Co. of Texas*, 544 S.W.2d 627, 631 (Tex.1976). The exact question whether a police officer owes a duty to protect a person parked in her automobile in her private driveway from an intoxicated driver absent a special relationship has not been addressed by the Texas courts. "A duty in negligence cases may be defined as an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another." Dobbs, Keeton, Owen, PROSSER AND KEETON ON TORTS, p. 356 (5th ed. 1984). It was also stated:

> If the facts and the relationship between the plaintiff and defendant are not in dispute, the court determines whether, given that relationship, the law imposes upon the defendant any obligation of reasonable conduct for the benefit of the plaintiff. The issue is one of law and is never for the jury.

*Id.* at 320. The existence of a legal duty under a given set of facts and circumstances is a question of law for the court to decide. *Abalos*, 544 S.W.2d at 631.

■ The Texas legislature has imposed upon the driver of an authorized emergency vehicle a duty to drive with due regard for the safety of all persons *using the highway*. TEX.REV.CIV.STAT.ANN. art. 6701d § 75 (Vernon 1977). That statute is not applicable here. No violation of it was alleged in the plaintiff's petition, and it is undisputed that Vaquera was not *using the highway*. Therefore, that issue was not before the trial court to determine from the summary judgment evidence. Nor was it necessary to determine whether the DEA Jeep was an authorized emergency vehicle for the same reasons. By another statute the driver of an authorized emergency vehicle is permitted to park anywhere, go through red lights or stop signs, speed, and disregard turn regulations, but only if done with the duty to drive with due regard for the safety of all persons. TEX.REV.CIV. STAT.ANN. art. 6701d § 24 (Vernon 1977 & Supp.1991). The violation of that statute was not alleged in the plaintiff's original petition, nor was there summary judgment evidence of any violations. Again, there was no necessity for the trial court to determine the authorized emergency status of Salas' vehicle in the summary judgment proceeding.

 We have found no cases in which a non-speeding officer, who, as the summary judgment evidence shows, stopped at red lights and otherwise generally complied with the driving laws, has been found liable for injury caused by an intoxicated driver to a person in a parked vehicle in a private driveway. The duty of the police officer was unquestionably *to the public at large.* However, there was *no special relationship* between a person in a parked vehicle in a private driveway and the police officer. We therefore agree with the trial court's finding that the officer neither owed nor breached any duty to the plaintiff in this case.

A cause of action based on negligence requires that there is a duty which is breached that causes injury to the plaintiff. In this case, even if it were shown that a duty arising from a special relationship between the officer and the plaintiff existed, no causal link (proximate cause) ensued from the officer's actions and the injury to plaintiff. In fact, the intoxicated driver admitted his fault and explained that his brakes "went out." It was not shown by the summary judgment evidence that the officer was negligent.

The trial court also found that Salas was entitled to immunity under the doctrine of qualified immunity, that is, he was a nonjudicial government official performing a discretionary function and acting in good faith. *See Dent v. City of Dallas,* 729 S.W.2d 114 (Tex.App.—Dallas 1986, writ ref'd n.r.e.), *cert. denied,* 485 U.S. 977, 108 S.Ct. 1272, 99 L.Ed.2d 483 (1988). Although not in a marked police vehicle, Salas was a peace officer with the authority to arrest a person for commission of a crime. *See* TEX.CODE CRIM.PROC.ANN. art. 2.12 (Vernon Supp.1991). Obviously cognizant of his lack of "emergency vehicle" status, Salas pursued the suspect in a lawful manner, as shown by the summary judgment evidence. We agree that the doctrine of qualified immunity would shield this officer, even if he were shown to have some duty to the plaintiff which he breached (negligence), which we agree he did not.

A governmental entity is not liable for the torts of its employees in the absence of a constitutional or statutory provision creating such liability. *State v. Terrell,* 588 S.W.2d 784, 785 (Tex.1979). Thus even if the Del Rio policeman were negligent, which we have stated he was not, in this case the City would not be liable since the plaintiff did not base allegations of liability of the City on the Torts Claims Act or any other statutory or constitutional provision.[2] The doctrine of sovereign immunity would apply. However, since we agree with the trial court's determination that the police officer owed no duty to the plaintiff in this case, under these particular facts and circumstances, the City could not be found liable in any event.

The trial court's findings, as a matter of law, of no duty owed to plaintiff, qualified immunity of the police officer, and sovereign immunity of the City obviate the necessity to address further the negligence question of sole proximate cause of Lipscomb.

The judgment is affirmed.

---

2. The other named defendant at trial was the Del Rio Police Department. Although the City was not named as a defendant, the police department is an agency of the City.