Virginia **FERNANDEZ, et al., Appellants,**

v.

**CITY OF EL PASO, Appellee.**

No. 08–93–00177–CV.

Court of Appeals of Texas, El Paso.

Dec. 29, 1993.

Rehearing Overruled May 4, 1994.

Carlos Eduardo Cardenas, Law Office of Joseph (Sib) Abraham, Jr., El Paso, for appellants.

David C. Caylor, City Atty., El Paso, Eduardo Miranda, Ray & McChristian, El Paso, for appellee.

Before OSBORN, C.J., and BARAJAS, J., and STEPHEN F. PRESLAR, C.J., (Retired).

## OPINION

BARAJAS, Justice.

This is an appeal from the trial court's dismissal of a wrongful death and survival case brought against the city of El Paso, Appellee, under the Texas Tort Claims Act. In twenty-one points of error, Appellants complain that the trial court improperly sustained Appellee's special exceptions and dismissed Appellants' suit. We affirm the judgment of dismissal of the trial court.

## I. SUMMARY OF THE EVIDENCE

On April 4, 1989, Ysidro R. Fernandez died in a fire at his home in El Paso. Appellants, the family of the deceased, brought suit against Appellee, alleging that the emergency response personnel of Appellee delayed in responding to the fire, the emergency response personnel negligently used their motor vehicles and their 9–1–1 communications system in responding to the fire, and that Appellee negligently implemented its emergency policies and failed to properly train and supervise its emergency personnel. These acts of negligence, Appellants contend, proximately caused the death of Mr. Fernandez.

Appellee answered in the suit and filed thirty special exceptions to the petition of Appellants, asserting that the petition fails to state a cause of action in that the claims of Appellants are barred as a matter of law by the Texas Tort Claims Act. TEX.CIV.PRAC. & REM.CODE ANN. §§ 101.001–.109 (Vernon 1986 and Supp.1993). After a hearing, the trial court sustained Appellee's special exceptions and granted Appellants time to amend their pleadings. Appellants elected to stand on their pleadings, and the trial court dismissed Appellants' cause.

## II. DISCUSSION

A trial court has broad discretion in ruling on special exceptions. On review, the trial court's ruling will be reversed only upon a showing of abuse of discretion. *Fuentes v. McFadden*, 825 S.W.2d 772, 778 (Tex.App.— El Paso 1992, no writ); *Davis v. Quality Pest Control*, 641 S.W.2d 324, 328 (Tex.App.— Houston [14th Dist.] 1982, writ ref'd n.r.e.).

The test to be applied for determining whether a trial court has abused its discretion is whether the trial court acted without reference to any guiding rules and principles, or in other words, acted in an arbitrary and unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Fuentes,* 825 S.W.2d at 778.

■■■ When reviewing a trial court's dismissal of a cause of action on special exceptions, the reviewing court accepts as true all of the factual allegations of a plaintiff's pleadings. *Aranda v. Ins. Co. of North America,* 748 S.W.2d 210, 213 (Tex.1988); *Armendariz v. Bill Sears Supermarket No. 1,* 562 S.W.2d 529, 530 (Tex.App.—El Paso 1978, writ ref'd n.r.e.). Of course, this does not apply to the plaintiff's assertions as to the law. Legal conclusions of the trial court are subject to *de novo* review in the court of appeals. As the final arbiter of the law, the appellate court has the power and the duty to independently evaluate the legal determinations of the trial court. *Sears, Roebuck and Co. v. Nichols,* 819 S.W.2d 900, 903 (Tex.App.—Houston [14th Dist.] 1991, writ denied); *MJR Corp. v. B & B Vending Co.,* 760 S.W.2d 4, 10 (Tex.App.—Dallas 1988, writ denied).

### A. Form of the Special Exceptions

In Points of Error Nos. One through Five, Appellants assert that the trial court abused its discretion in sustaining all of Appellee's special exceptions, except exceptions 3, 7, 11, 12, 28, and 29, in that the challenged special exceptions fail to point out specific defects in Appellants' pleadings. Rather, Appellants assert the special exceptions are of the nature of general demurrers prohibited by Rule 90 of the Texas Rules of Civil Procedure. *See* Tex.R.Civ.P. 90 and 91.

■■■ Rule 91 provides that a special exception shall "point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations in the pleading excepted to." Tex.R.Civ.P. 91. A proper special exception may be used to question the sufficiency in law of the plaintiff's petition. *Lara v. Lile,*

828 S.W.2d 536, 541 (Tex.App.—Corpus Christi 1992, no writ); *Centennial Ins. v. Commercial Union Ins.,* 803 S.W.2d 479, 483 (Tex.App.—Houston [14th Dist.] 1991, no writ). Every special exception challenging a claim must be based on one or more of three propositions:

> (1) that no legal rule justifies a recovery on a claim of the type alleged;
>
> (2) that, though there is a legal rule which might be applicable, the petition omits one or more allegations essential to bring plaintiff's claim within its scope; or
>
> (3) that, though there is a legal rule which might be applicable, the petition shows on its face facts which negative its application.

2 McDonald, Texas Civil Practice § 9:25 (1992). The form of such an exception will withstand judicial scrutiny if it is specific enough to notify the opposing party of the pleading defect. *Fuentes,* 825 S.W.2d at 778. An exception that fails to satisfy the particularity requirements of Rule 91 is the equivalent of a general demurrer. *Id.*

■■■ After carefully reviewing the record as a whole, we are of the opinion that these questioned special exceptions of Appellee were pleaded in accordance with Rule 91. These special exceptions assert that:

(1) Appellants failed to plead exceptions to the governmental immunity established in Sections 101.055–.056 of the Texas Tort Claims Act. *See* Tex.Civ.Prac. & Rem.Code Ann. §§ 101.055(2) and (3) and 101.056(1) and (2);

(2) Appellants failed to plead facts showing that the provisions of Section 101.062 of the Texas Tort Claims Act apply, creating an exception to the governmental immunity established in Sections 101.055–.056. *See* Tex. Civ.Prac. & Rem.Code Ann. §§ 101.055(2) and (3), 101.056(1) & (2), and 101.062(a) and (b);

(3) Appellants failed to plead facts showing a "special relationship" between Appellee and the deceased, thus establishing a legal duty owing from Appellee to the deceased under the "Public Duty" doctrine. Absent this special duty, no liability may be imposed on a municipality for the negligent failure to provide protection or services. *Vaquera v.*

*Salas,* 810 S.W.2d 456, 461 (Tex.App.—San Antonio 1991, writ denied).

These special exceptions, when read together, clearly articulate Appellee's challenges to the petition of Appellants, putting Appellants on fair notice that the petition does not adequately show that the actions of Appellee fall within a recognized exception to the governmental immunity established in the Texas Tort Claims Act. Each of these special exceptions also falls squarely within one or more of the three categories of proper special exceptions listed in Section 9:25 of McDonald's Texas Civil Practice. Thus, the trial court did not abuse its discretion in sustaining these special exceptions. Accordingly, Appellants' Points of Error Nos. One, Two, Three, Four, and Five should be overruled.

■ In Point of Error No. Six, Appellants assert that the trial court abused its discretion in sustaining special exceptions 5, 8, 15, 19, 20, 21, and 23 in that these exceptions allege or allude to and rely on facts outside of Appellants' pleading. This reliance on outside facts, Appellants contend, converts these special exceptions into speaking demurrers prohibited in Texas practice. *Moseley v. Hernandez,* 797 S.W.2d 240, 242 (Tex. App.—Corpus Christi 1990, no writ); *Brown v. Hawes,* 764 S.W.2d 855, 856 (Tex.App.—Austin 1989, no writ); *O'Neal v. Sherck Equipment Co., Inc.,* 751 S.W.2d 559, 562 (Tex.App.—Texarkana 1988, no writ). A proper special exception must confine itself to addressing solely the matters shown on the face of the opposing pleading and must not inject factual allegations not appearing in the pleading against which the exception was raised. *Brown,* 764 S.W.2d at 856.

■ Appellants specifically allege that Appellee's assertions in special exceptions 5, 8, 15, 20, and 23 that no "special relationship" existed between Appellee and the decedent are extrinsic facts injected into the pleading controversy. By asserting the lack of a "special relationship," however, Appellee was merely attempting to establish for the trial court that Appellee owed no legal duty to the deceased. "The existence of a legal duty under a given set of facts and circumstances is a question of law for the court to decide."

*Abalos v. Oil Dev. Co. of Texas,* 544 S.W.2d 627, 631 (Tex.1976); *Vaquera,* 810 S.W.2d at 460. Thus, the allegation by Appellee in these special exceptions that no "special relationship" existed was not an extrinsic factual allegation, but rather a legal conclusion based upon an interpretation of the "Public Duty" doctrine.

Appellants next allege that Appellee's special exception 19 attempts to inject the factual proposition that Appellee did not provide emergency medical services to the deceased, rendering Section 773.021 of the Health and Safety Code inapplicable. *See* TEX. HEALTH & SAFETY CODE ANN. § 773.021 (Vernon 1992). A careful reading of special exception 19, however, reveals that Appellee is asserting that the allegations of Appellants do not establish that the acts of Appellee fall within an exception to its governmental immunity. As such, special exception 19 is not formally deficient as a speaking demurrer.

Finally, Appellants allege that Appellee improperly asserted in special exception 21 the factual proposition that the city of El Paso is not a "service provider" under the provisions of the Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 771.-001. Like the previous point, however, this assertion by Appellee is not a factual assertion; it is an assertion that as a matter of law, Appellee is not a "service provider" under the statute. Thus, as a matter of law, Appellee did not violate the provisions in the Health and Safety Code pertaining to service providers. This legal determination was properly put before the trial court by Appellee's special exception.

We hold that the special exceptions challenged in Point of Error No. Six do not allege, allude to, or rely on facts not found in Appellants' petition. Accordingly, these exceptions are not speaking demurrers and the trial court did not abuse its discretion in sustaining them. Appellants' Point of Error No. Six should be overruled.

**B. Substance of the Special Exceptions**

In Points of Error Nos. Seven through Fifteen, Appellants assert that the trial court abused its discretion in sustaining Appellee's

special exceptions seeking preliminary relief requiring determination of matters in bar; namely, no duty owed by Appellee to the deceased, lack of proximate cause, capacity of Appellee, and the affirmative defense of sovereign immunity. Appellants rely on *Interfirst Bank San Antonio N.A. v. Murry,* 740 S.W.2d 550 (Tex.App.—San Antonio 1987, no writ) for the proposition that special exceptions are an inappropriate vehicle for obtaining preliminary relief based on a matter in bar. *Murry,* 740 S.W.2d at 551.

Appellants' reliance on *Murry* is misplaced, however. In *Murry,* the San Antonio Court of Appeals reversed the trial court's sustaining special exceptions, holding that the challenged special exception was actually an erroneously labelled affirmative defense or a plea in bar based on the statute of limitations. *Id.* at 550–51. As the San Antonio Court stated in *Murry,* "Special exceptions ... go to defects in the way a party pleaded a cause of action.... A defense based on a statute of limitation must be 'set forth affirmatively.'" *Id.* at 551.

As discussed above, the challenged special exceptions in the instant case, when read as a whole, are not merely disguised attempts at obtaining preliminary relief on matters in bar. The special exceptions are sufficient to put Appellants on notice of defects in the way their cause of action was pleaded. The instant case is further distinguishable from the *Murry* case in that the trial court in the instant case granted Appellants time to amend their pleadings to cure these defects by including different or additional circumstances that would create a statutory duty owed by Appellee to the deceased or establish an exception to the governmental immunity of the Texas Tort Claims Act. No such additional time was granted to the appellant in the *Murry* case. *Murry,* 740 S.W.2d at 550–51.

We thus disagree with Appellants that the special exceptions challenged in Points of Error Nos. Seven through Fifteen improperly raised pleas in bar to the pleadings of Appellants. It is this Court's opinion that these special exceptions, when read as a whole, put Appellants on fair notice of pleading defects, and that the trial court did not

abuse its discretion in sustaining the special exceptions. *See Fuentes,* 825 S.W.2d at 778. Accordingly, Appellants' Points of Error Nos. Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, and Fifteen are overruled.

Appellants next assert in Point of Error No. Sixteen that the trial court abused its discretion in sustaining Appellee's special exception 28, in that this exception raises the matter of the statutory damage cap in partial bar of Appellants' right to recover. We disagree. Appellee's special exception 28 clearly points out a defect on the face of Appellants' petition, i.e., a request for an amount in excess of the statutory limits imposed by the Texas Tort Claims Act, the very act Appellants purport to rely upon for their cause of action. Tex.Civ.Prac. & Rem.Code Ann. § 101.023(c); *see City of Austin v. Cooksey,* 570 S.W.2d 386, 387–88 (Tex.1978); *Harris County v. White,* 823 S.W.2d 385, 387 (Tex. App.—Texarkana 1992, no writ) (holding that the per person liability limit of the Texas Tort Claims Act refers to the person or persons who sustained the bodily injury, and any derivative claims from such injury are included within the limit). Thus, Appellee's special exception 28 comports with the requirements of the special exception rule, and the trial court did not abuse its discretion in sustaining the special exception. Accordingly, Appellants' Point of Error No. Sixteen is overruled.

Appellants' Point of Error No. Seventeen complains that the trial court abused its discretion in sustaining Appellee's special exception 14. Special exception 14 points out that Appellants rely in their petition on Section 772.302 of the Texas Health and Safety Code to impose a duty on Appellee to quickly respond to calls for emergency help, but that Section 772.302 was not in effect at the time the events giving rise to this suit occurred. While Tex.Rev.Civ.Stat. Ann. art. 1432e, § 2 (1985) (repealed 1989), the predecessor to Section 772.302, was in effect at the time of the fire, Appellants' petition incorrectly cited to the new codified version of the statute. Special exception 14 clearly points out this defect, and the trial court did not abuse its discretion in sustaining it. Appellants were

given the opportunity to amend their pleadings, and this defect could have easily been corrected. Accordingly, Appellants' Point of Error No. Seventeen is overruled.

In Points of Error Nos. Eighteen through Twenty, Appellants allege that the trial court abused its discretion in sustaining each of Appellee's special exceptions, except exceptions 5, 8, 15, 20, 23, 24, and 28, in that the petition of Appellants sufficiently alleges the violation of applicable statutes and ordinances, a cause of action under the Texas Tort Claims Act, and the negligent implementation of police and fire protection policy. Appellants correctly assert that in testing the sufficiency of a pleading challenged for failure to state a cause of action, all facts alleged in the challenged pleading are taken as true. *Aranda*, 748 S.W.2d at 213; *Armendariz*, 562 S.W.2d at 530. [Emphasis added]. This rule, however, does not mean, as Appellants contend, that all allegations of statutory violations in the pleading must also be taken as true. The question of whether a collection of facts and circumstances amounts to a statutory violation is one of law, not fact; therefore, it is the duty of the trial court to determine whether the facts as alleged by Appellants in their petition, taken as true, allow the conclusion that statutory violations have occurred.

As discussed above, Appellee's special exceptions, when read as a whole, pointed out to the trial court that the petition of Appellants did not allege a cause of action under the Texas Tort Claims Act, in that Appellants did not sufficiently plead exceptions to the governmental immunity established in the Act. Absent an abuse of discretion by the trial court in sustaining the special exceptions on these grounds, the trial court's ruling should not be disturbed. *Fuentes*, 825 S.W.2d at 778; *Davis*, 641 S.W.2d at 328. The body of case law interpreting the area of governmental immunity provides the standard, the guiding rules and principles of the abuse of discretion analysis, by which the challenged pleading will be measured. *Davis*, 641 S.W.2d at 328.

In the instant case, the trial court reached the legal conclusion that, accepting as true all of Appellants' factual allegations, the petition of Appellants did not sufficiently allege a cause of action against Appellee under the Texas Tort Claims Act. It is this legal conclusion that this Court must now review. *Sears, Roebuck and Co.*, 819 S.W.2d at 903; *MJR Corp.*, 760 S.W.2d at 10.

■ Appellee correctly points out in its brief that in analyzing a cause of action brought under the Texas Tort Claims Act against a municipality, an initial determination must be made whether the questioned act or omission involved a governmental or proprietary function. *McKinney v. City of Gainesville*, 814 S.W.2d 862 (Tex.App.—Fort Worth 1991, no writ). Section 101.0215(a)(1) and (18) of the Tex.Civ.Prac. & Rem.Code Ann. defines police and fire protection and control and the operation of emergency ambulance service as governmental functions, thus exposing Appellee to the general waiver of its governmental immunity for acts of negligence by its employees in performing these functions. *See* Tex.Civ.Prac. & Rem. Code Ann. §§ 101.021–.0215. This statutory determination that police and fire protection and control and operation of emergency ambulance service are governmental functions does not end the inquiry, however. Further analysis under the Act is required to determine Appellee's potential liability. *McKinney*, 814 S.W.2d at 865.

■ Such inquiry reveals certain exceptions to the waiver of governmental immunity under Sections 101.021–.0215.[1] These excep-

---

1. Tex Civ.Prac. & Rem.Code Ann. § 101.055 reads as follows:
   This chapter does not apply to a claim arising:
   (1) in connection with the assessment or collection of taxes by a governmental unit;
   (2) from the action of an employee while responding to an emergency call or reacting to an emergency situation *if the action is in compliance with the laws and ordinances applicable to emergency action*, or in the absence of such a law or ordinance, if the action is taken with conscious indifference or reckless disregard for the safety of others; or
   (3) from the failure to provide or the method of providing police or fire protection.
   Tex.Civ.Prac. & Rem Code Ann. § 101.056 reads:
   This chapter does not apply to a claim based on:

tions take the actions of responding to an emergency call or reacting to an emergency situation as well as the failure to provide or the method of providing police and fire protection out of the Act, thus, in effect, reinstating the municipality's governmental immunity for these functions. *See* TEX.CIV. PRAC. & REM.CODE ANN. §§ 101.055(2) and (3) and 101.062(b). The analysis is further complicated by the exceptions contained within these exceptions. With regard to responding to an emergency call, the Act does not waive the governmental immunity for actions that violate applicable statutes and ordinances or, in the absence of any such laws, actions taken with conscious indifference or reckless disregard for the safety of others. *See* TEX. CIV.PRAC. & REM.CODE ANN. §§ 101.055(2) and 101.062(b). Thus, a cause of action under the Texas Tort Claims Act based on a municipality's response to an emergency call must sufficiently allege violations of applicable statutes or ordinances relating to such emergency action.

It is the opinion of this Court, after our independent review of the legal conclusions of the trial court, that the petition of Appellants does not sufficiently allege a cause of action under the Texas Tort Claims Act. The provisions of the Texas Health and Safety Code, city of El Paso Municipal Code, and the Key Rate Schedule adopted by the Texas Department of Insurance,[2] relied upon by Appellants to establish statutory violations by Appellee that would place the actions by Appellee within the exceptions to the exceptions to the waiver of governmental immunity, do not impose an affirmative duty on Appellee to respond to an emergency situation within a certain period of time. In the absence of any such statutory violations, the actions of Appellee fall within the category of "the method of providing police or fire protection," and Appellee is immune to liability for these actions. *See* TEX.CIV.PRAC. & REM. CODE ANN. § 101.055(3); *State v. Terrell,* 588 S.W.2d 784 (Tex.1979); *Ross v. City of Houston,* 807 S.W.2d 336 (Tex.App.—Houston [1st Dist.] 1990, writ denied); *Poncar v. City of Mission,* 797 S.W.2d 236, 239–40 (Tex.App.— Corpus Christi 1990, no writ).

Appellants contend that their petition sufficiently states a cause of action for the negligent operation or use of a motor-driven vehicle pursuant to Section 101.021(1) of the TEX. CIV.PRAC. & REM.CODE ANN. We disagree. The use of the motor-driven vehicle complained of by Appellants falls within the category of the method of providing police or fire protection and control, rendering Appellee immune. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.055(3); *Terrell,* 588 S.W.2d at 788.

Finally, Appellants contend that a condition or use of tangible personal property of Appellee caused decedent's death, such actions and omissions falling under the waiver provisions of TEX.CIV.PRAC. & REM.CODE ANN. § 101.021(2). Appellants' complaint focuses here on the allegedly inadequate condition of Appellee's fire-fighting apparatus and protective clothing. Again, it is the opinion of this Court that these complaints fall within the category of the method employed by Appellee for providing police or fire protection and control. As such, Appellee is immune. *See*

---

(1) the failure of a governmental unit to perform an act that the unit is not required by law to perform; or

(2) a governmental unit's decision not to perform an act or on its failure to make a decision on the performance or nonperformance of an act if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit.

TEX.CIV PRAC. & REM.CODE ANN. § 101.062 reads:

(a) In this section, "9–1–1 service" and "public agency" have the meanings assigned those terms by Section 771.001, Health and Safety Code.

(b) This chapter applies to a claim against a public agency that arises from an action of an employee of the public agency or a volunteer under direction of the public agency and that involves providing 9–1–1 service or responding to a 9–1–1 emergency call only if the action violates a statute or ordinance applicable to the action.

2. The statutes and ordinances relied upon by Appellants to establish waiver of Appellee's governmental immunity are:

(1) TEX. HEALTH & SAFETY CODE ANN. §§ 771.053, 772.302, 773.009, and 773.021 (Vernon 1992).

(2) City of El Paso Municipal Code, § 2.48.-030.

(3) Key Rate Schedule for Grading Cities and Towns of Texas with Reference to their Fire Defenses and Physical Conditions, 8 Tex.Reg. 759.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.055(3); *Terrell*, 588 S.W.2d at 788.

Given the above, we hold that the petition of Appellants does not sufficiently allege facts that would place them within the waiver of immunity provisions of the Texas Tort Claims Act. As a result, the trial court did not abuse its discretion in sustaining Appellee's special exceptions. Accordingly, Appellants' Points of Error Nos. Eighteen, Nineteen, and Twenty are overruled.

In their final point of error, Appellants assert that the trial court abused its discretion in dismissing Appellants' suit, in that none of Appellee's special exceptions should have been sustained and Appellants' petition sufficiently states a cause of action upon which Appellants should be allowed to go to trial. Given our holding that the trial court did not abuse its discretion in sustaining Appellee's special exceptions, we hold that the trial court also did not abuse its discretion in dismissing Appellants' suit. Accordingly, Appellants' Point of Error No. Twenty-one is overruled.

Having overruled each of Appellants' twenty-one points of error, we affirm the judgment of the trial court.