CITY OF AMARILLO, Appellant

v.

Erica Shae MARTIN, Appellee.

No. 07–95–0033–CV.

Court of Appeals of Texas,
Amarillo.

Nov. 27, 1995.

Order Overruling Rehearing Jan. 4, 1996.

Merrill E. Nunn, City Attorney, Amarillo, for appellant.

Charles Crow, Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and QUINN, JJ.

DODSON, Justice.

The City of Amarillo (the City), appeals from a judgment rendered in favor of Erica Shae Martin after a bench trial. The trial court found the City liable for damages sustained by Martin as the result of a collision between Martin's vehicle and a fire truck operated by the City during an emergency. We affirm.

The record shows that on January 25, 1992, Amarillo firemen were called to an emergency. While responding to the emergency, they entered an intersection, but had to reduce speed to allow a car blocking the pathway to move. Martin was also entering the intersection, and the two vehicles collided. Martin subsequently filed suit against the City under the Texas Tort Claims Act (TTCA), seeking recovery for her property damages and personal injuries, and the City denied liability and counterclaimed for damages to the fire truck. The trial court rendered judgment for $2,000 in favor of Martin, and the City appeals.

By two points of error, the City claims there is no evidence to support Conclusions of Law four and five: that the "[d]efendant's agent failed to enter the intersection with safety and such failure was the proximate cause of the collision and Plaintiff's damages," and that the defendant was liable for negligence under V.A.T.S. Article 6701d, section 75(b). In essence the City claims that the trial court's determination, in Conclusion of Law three, that the City's vehicle operator "was not acting in reckless disregard for the safety of others," was tantamount to a finding of no actionable negligence under the TTCA, and precluded any later finding of liability against the City. We disagree.

▮ In general, a municipality is not liable for the acts of its employees unless immunity is waived by the TTCA. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex.1993); *see generally* Tex.Civ.Prac. & Rem.Code Ann. §§ 101.001–.063 (Vernon 1986 & Supp.1995). With respect to such a waiver, section 101.021 of the TTCA provides that a governmental unit *is* liable for:

(1) property damage, personal injury ... proximately caused by the wrongful act or omission or the negligence of an employee acting within the scope of employment if:

(A) the property damage, personal injury ... arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law....

However, section 101.055(2), relied upon by appellant, excludes from the TTCA, and in effect reinstates governmental immunity for, claims arising from emergency actions of an employee "... taken with conscious indifference or reckless disregard for the safety of others...." *Fernandez v. City of El Paso,* 876 S.W.2d 370, 376 (Tex.App.—El Paso 1993, writ denied). Thus, in the cases where actions are taken *with* reckless disregard, the municipality would remain immune from suit. *Id.* Nevertheless, such is not the case here.

■ In the present case, Martin pled liability of the City based upon the TTCA. The trial court found that the City's agent was *not* acting in reckless disregard for the safety of others, and ultimately based the City's liability on Article 6701d, section 75, which requires drivers of authorized vehicles to exercise due regard for the safety of all persons. Tex.Rev.Civ.Stat.Ann. art. 6701d, § 75(b) (Vernon 1977).

When the trial court found the City was not acting in reckless disregard for the safety of others while responding to an emergency, it rendered section 101.055(2) inapplicable, and placed Martin's claim within section 101.021, the general liability provision of the TTCA. *Black v. Nueces County Rural Fire Prevention Dist. No. 2,* 695 S.W.2d 562, 563 (Tex.1985). Consequently, liability had to have been predicated upon 1) use of a motor driven vehicle, 2) during the course and scope of employment, and 3) under circumstances where the agent would be personally liable to the claimant. § 101.021. It is with this standard in mind, that we shift our focus to the trial court's findings of fact and conclusions of law.

■ In addressing the City's points of error, we are mindful that conclusions of law are drawn from findings of fact, *Mercer v. Bludworth,* 715 S.W.2d 693, 697 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.), and thus we will review those findings of fact upon which the challenged conclusions of law are based.

■ When findings of fact are filed and are unchallenged, they are entitled the same weight as a jury verdict, and are binding on an appellate court unless the contrary is established as a matter of law, or there is no evidence to support the finding. *McGalliard v. Kuhlmann,* 722 S.W.2d 694 (Tex.1986). Likewise, we will review the findings by disregarding all contrary evidence in order to see if there is any evidence to support the findings. If any supporting evidence remains, the trial court's judgment must be upheld. *In Re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

■ In unchallenged findings of fact and conclusions of law, the trial court found that the collision involved the motor vehicles of Martin and the City, that the agent was acting within the scope of his employment, and that the defendant's agent did not look to the left as he entered the intersection. Because, it is undisputed that both parties were using motor vehicles, and that the City's agent was acting in performance of his duties in responding to the emergency, we will only review the record to determine whether any evidence exists to support the third requirement under section 101.021, that the agent would be personally liable to the claimant.

In considering only evidence favorable to the judgment, we note that at least twice in the record, the City's agent testified that he did not look in the direction from which Martin was traveling before he entered the intersection. As we cannot say that the record is devoid of supporting evidence, we conclude the undisputed findings support personal liability for negligence. Consequently, we overrule appellant's points of error that there is no evidence to support Conclusions of Law four and five.

Accordingly, the judgment is affirmed.

### ON MOTION FOR REHEARING

The City contends, in its motion for rehearing, that this court erred by applying the wrong emergency exception in section

101.055(2)[1] of the Texas Tort Claims Act (TTCA), and by reviewing the City's actions in the operation of an emergency vehicle under an incorrect ordinary negligence standard of care. Because we remain convinced that our original disposition is correct, both under the previous points of error as well as the new ones, we will address the City's contentions and overrule the motion.

By its first point of error, the City contends we ignored the applicable exception to the waiver of immunity found in section 101.055(2) of the TTCA, and erroneously applied the wrong exception. The pertinent portion of section 101.055, as it existed at the relevant time, states:

This chapter does not apply to a claim arising:

\*    \*    \*    \*    \*    \*

(2) from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is taken with conscious indifference or reckless disregard for the safety of others; ...

The City asserts we should have analyzed the trial court's decision based upon the portion of the statute addressing an employee's action "... if the action is in compliance with the laws and ordinances applicable to the emergency action...." It asserts unequivocally that article 6701d, sections 24, 33, and 75,[2] are applicable laws which control our analysis, and therefore, the second part of the statute, "... in the absence of such a law or ordinance, if the action is taken with ... reckless disregard ..." does not apply.

■   Because the trial court based liability upon section 75(b) of article 6701d, and the City also relies upon it, we will review the judgment under the requirements of section 75, in order to determine whether the action taken was in compliance with that law.

Section 75 provides the proper actions to be taken by drivers of non-emergency vehicles when those vehicles are approached by an authorized emergency vehicle, and states in relevant part:

(b) This section shall not operate to relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons using the highway.

The City asserts that exercising due regard does not mean avoiding ordinary negligence, but actually means not acting in reckless disregard, and that we therefore erroneously applied an ordinary negligence standard of review.

In support of this position, the City cites article 6701d, section 24, which provides the exercisable privileges of a driver of an emergency vehicle, and also states,

the foregoing provisions shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provision protect the driver from the consequences of his reckless disregard for the safety of others.

It urges that because both due regard and reckless disregard are used in section 24, they mean the same thing. It also asserts because due regard has not been defined by either statute or case law, and because reckless disregard has been defined, reckless disregard is a specific term which controls over the general term, due regard. Therefore, because reckless disregard defines the standard in section 24, it should also be the standard by which we measure due regard in section 75. Consequently, the City submits we should decide the finding of no reckless disregard on the part of the City's driver precluded any liability on the part of the City, without further reference to the due regard language. We disagree.

■   Under general rules of construction, we are required to use the ordinary

**1.** All references herein to sections 101.021, 101.055, and 101.055(2), are to those provisions of Tex.Civ.Prac. & Rem.Code Ann. §§ 101.021, 101.055, and 101.055(2) (Vernon 1986 & Supp. 1987), known as the Texas Tort Claims Act.

**2.** All references herein to sections 24, 33 or 75, are to Tex.Rev.Civ.Stat.Ann. art. 6701d, §§ 24, 33, and 75 (Vernon 1977).

meaning of a term when that term is undefined, *Monsanto Co. v. Cornerstones Mun. Util. Dist.,* 865 S.W.2d 937, 939 (Tex.1993), and we cannot say that ordinarily, due regard means reckless disregard. Furthermore, just as every word of a statute must be presumed to have been used for a purpose, every word excluded must also be presumed to have been excluded for a purpose. *Laidlaw Waste Systems (Dallas), Inc. v. City of Wilmer,* 904 S.W.2d 656, 659 (Tex.1995). In that regard, we note that unlike section 24 discussed above, section 75(b), upon which the trial court based its judgment, does not contain the term reckless disregard. We therefore will not supply a statute with an additional term in order to give it a meaning it would not ordinarily have.

We also remain convinced that the City's proposed statutory construction is not supported by existing case law. A careful analysis of recent cases implicitly examines due regard under an ordinary negligence standard of care. In *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1993), the Supreme Court stated the duty to drive with due regard encompassed the officer involved in a high speed chase, and discussed a proximate cause analysis with respect to the potential for his liability. The Court agreed with the Dallas Court of Appeals that:

> [T]he motorcycle's wreck may have been caused in part by the policeman's failure to drive with due regard for Chambers' safety. . . . Here, the [defendants'] summary judgment proof does not conclusively prove that the illegal conduct which caused the accident—was an unforeseeable result of their *negligence, i.e.,* their *failure to drive with due regard* for the safety of all persons using the road. (Emphasis added).

The Supreme Court, in *Travis v. City of Mesquite,* 830 S.W.2d 94, 98 (Tex.1992), also stated with respect to police, as drivers of emergency vehicles, that deciding to initiate or continue pursuit may be negligent, and a driver is not relieved of "the duty to drive with due regard for the safety of all persons. . . ." It agreed with the lower court that the policy of the statute does not shield officers from liability. *See also Guzman v.*

*City of San Antonio,* 766 S.W.2d 858, 860 (Tex.App.—San Antonio 1989, no writ).

In agreement with the City, we see no reason to distinguish the members of the class of emergency vehicle drivers and hold them to differing standards of care depending upon whether they are police officers, ambulance drivers, or fire fighters. However, we also can find no justification for ignoring the import of existing case law, which addresses due regard in terms of negligence. Consequently, we must conclude, as used in section 75(b), due regard does not equate to reckless disregard.

▬▬▬ The City lastly attempts to shield itself from liability by pointing out the driver's ability to assert and prove qualified immunity. The Supreme Court has held that a "violation of *art. 6701d* does not preclude application of the official immunity doctrine to negligent emergency vehicle operators," *City of Lancaster v. Chambers,* 883 S.W.2d at 661 n. 6, and the City is correct in its statement that it could also assert and prove its employee's immunity as a defense to liability. *Harris County v. Ochoa,* 881 S.W.2d 884 (Tex.App.—Houston [1st Dist.] 1994, writ denied).

▬▬▬ However, the City did not establish the affirmative defense of official immunity, *see City of Lancaster v. Chambers,* 883 S.W.2d at 653, and without the protection of official immunity, the driver could be held personally liable for negligence under section 75(b)'s due regard standard. We note the City did plead governmental immunity, but as the City is well aware, its municipal immunity is separate and distinct from the official immunity available to its employees.

Concluding the driver violated the applicable law as addressed in section 101.055(2), by failing to exercise due regard as required in section 75(b), the claim again would fall squarely within the framework of section 101.021, the general provision of the TTCA which provides the requirements for a waiver of immunity, and our analysis would proceed in accordance with our original opinion.

Accordingly, the motion for rehearing is overruled.