# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 00-50636

---

DELBERT LEAVITT, JR, Etc.; ET AL.,

Plaintiffs,

DELBERT LEAVITT, JR, Legal Representative of the Alvarez Children on behalf of the
ESTATE OF MARIA SUSANA ALVAREZ, DEC'D, AND APRIL ALVAREZ, STEPHANIE
ALVAREZ, ALEXIS ALVAREZ, ALEJANDRO ALVAREZ, JR AND ELIZABETH
ALVAREZ, Minors All Individually Acting By and Through their Legal Representative
DELBERT LEAVITT, JR; DOLORES BALEDEMAR; ESTATE OF MARIA SUSANA
ALVAREZ,

Plaintiffs-Appellants,

versus

CITY OF EL PASO; ET AL.,

Defendants,

CITY OF EL PASO,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Western District of Texas

---

June 19, 2001

Before DAVIS, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

On March 17, 1997, Maria Susana Alvarez ("Suzy") was shot and killed by her husband, Alejandro Alvarez ("Alejandro"), a United States Border Patrol agent, with his duty weapon. Alejandro was subsequently convicted of murder. Suzy's estate, her five minor children, and her mother brought suit under 42 U.S.C. § 1983 through her brother, Delbert Leavitt ("Leavitt") against the City of El Paso ("City") claiming violations of equal protection and substantive due process.[1] The district court granted summary judgment in favor of the City on all of Leavitt's claims which he now appeals.

This Court reviews summary judgments de novo, reviewing all disputed facts and reasonable inferences "in the light most favorable to the nonmoving party." Duffy v. Leading Edge Prods., 44 F.3d 308, 312 (5th Cir. 1995). Federal Rule of Civil Procedure 56(c) notes that summary judgment is appropriate where "there is no genuine issue of material fact and . . . the moving party is entitled to judgment as a matter of law."

Leavitt argues that the trial court erred when it granted summary judgment in favor of the City on his substantive due process claim. He claims that the City created a danger when it did not provide Suzy transportation to a battered woman's shelter the evening before her murder and

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Leavitt also brought claims for negligent supervision and negligent entrustment of a weapon against the United States under the Federal Tort Claims Act. The district court granted summary judgment in favor of the United States on the negligent entrustment claim. Leavitt and the United States subsequently agreed to dismiss the remaining claim.

according to a contract the City had with the shelter.[2]  Leavitt also contends that the trial court erred when it granted summary judgment in favor of the City on his equal protection claim that the City had a policy or custom of providing less police protection to victims of domestic violence than to victims of other crimes.  See Monell v. New York City Dept. of Soc. Serv., 436 U.S. 658, 694 (1978). Leavitt moreover argues that the district court erred when it held that the City was immune from Leavitt's claim under the Texas Tort Claims Act ("TTCA").

The City responds that neither Leavitt's complaint nor the summary judgment evidence presents any substantive evidence of a City policy or custom that deprives citizens of their constitutional rights.  It moreover argues that the El Paso Police Department did not have a duty to control the acts of Alejandro because there was no "special relationship" between Suzy and municipal employees.  Vaquera v. Salas, 810 S.W.2d 456, 461 (Tex. App.-San Antonio 1991, writ denied). The City also asserts that it is entitled to sovereign immunity under the TTCA because none of the three exceptions to municipal liability, claims arising out of the operation or use of motor-driven vehicles, claims arising from premises defects, and claims arising from the condition or use of personal property, is satisfied here.  See TEX. CIV. PRAC. & REM. CODE § 101.021.[3]

---

[2] Although this Court has not recognized this theory, it has not eliminated the possibility of a due process claim based on state-created danger.  See Piotrowski v. City of Houston, 51 F.3d 512, 515 (5th Cir. 1995) (stating that "[w]hile this Court has not affirmatively held that this theory is a valid exception to the *DeShaney* rule, . . . it has addressed what a plaintiff would have to demonstrate to qualify for relief under this theory").

[3] The City also contends that this Court does not have jurisdiction to hear this appeal because it claims that Leavitt filed a premature notice of appeal.  We find, however, that Federal Rule of Appellate Procedure 4(a)(2) permits this Court to exercise jurisdiction.  See Barrett v. Atlantic Richfield Co., 95 F.3d 375, 379 (5th Cir. 1996) (stating that the Fifth Circuit had jurisdiction over a case in which the plaintiff filed a notice of appeal before all claims were resolved against all parties and when the district court had not certified the nonfinal judgment under Federal Rule of Civil Procedure 54(b)).

3

Suzy's death at the hands of her husband and in front of at least two of her children is unfortunate indeed. Having fully reviewed the record, we cannot conclude, however, that the district court erred when it granted summary judgment. We, therefore, affirm.

AFFIRMED.